**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA (Orlando)**

| | |
|---|---|
| MARGARITA RODRIGUEZ-BONILLA, as the Successor Personal Representative of the ESTATE OF GREGORY LLOYD EDWARDS, | : No. 6:20-cv-02235<br>:<br>: District Judge:<br>: |
| Plaintiff, | :<br>: |
| v. | :<br>: |
| MICHAEL PEREZ,<br>JACOB MATHIS,<br>KEVIN KRUKOSKI, and<br>CITY OF WEST MELBOURNE, FLORIDA, | : CIVIL ACTION – LAW<br>: JURY TRIAL DEMANDED<br>:<br>:<br>: |
| Defendants. | : |

**COMPLAINT**

AND NOW comes the Plaintiff, MARGARITA RODRIGUEZ-BONILLA, as the Successor Personal Representative of the ESTATE OF GREGORY LLOYD EDWARDS, by and through her undersigned counsel, DEVON M. JACOB, ESQUIRE, and the law firm of JACOB LITIGATION, INC., and BENJAMIN L. CRUMP, ESQUIRE, and the law firm of BEN CRUMP LAW, PLLC, and avers as follows:

**I.  JURISDICTION AND VENUE**

1.  This action is brought pursuant to 42 U.S.C. § 1983.

2.  Jurisdiction is founded upon 28 U.S.C. § § 1331, 1343, and 1367.

3.  Venue is proper in this Court, as the Defendants' actions that are alleged to have caused the death of GREGORY LLOYD EDWARDS, and EDWARDS' death, occurred in this federal district.

1

## II. IDENTIFICATION OF PARTIES AND MATERIAL WITNESSES

4. The Decedent is GREGORY LLOYD EDWARDS ("EDWARDS"), an adult, who died on December 10, 2018, at age 38, in Brevard County, Florida.

5. Plaintiff, MARGARITA RODRIGUEZ-BONILLA ("BONILLA"), is an adult, who is domiciled in the Commonwealth of Virginia. On October 23, 2020, the Probate Division of the Circuit Court of the 18th Judicial Circuit in and for Brevard County, Florida, issued Amended Letters of Administration, appointing BONILLA, Successor Personal Representative of the Estate of the ESTATE OF GREGORY LLOYD EDWARDS ("ESTATE"). BONILLA asserts claims on behalf of the ESTATE and SURVIVORS as permitted by law.

6. Defendant, MICHAEL PEREZ ("PEREZ"), is an adult, who during all relevant times, was employed by the West Melbourne Police Department, as a police officer, with the rank of Sergeant. PEREZ is sued in his individual capacity.

7. Defendant, JACOB MATHIS ("MATHIS"), is an adult, who during all relevant times, was employed by the West Melbourne Police Department, as a police officer. MATHIS is sued in his individual capacity.

8. Defendant, KEVIN KRUKOSKI ("KRUKOSKI"), is an adult, who during all relevant times, was employed by the West Melbourne Police Department, as a police officer. KRUKOSKI is sued in his individual capacity.

9. Defendant, CITY OF WEST MELBOURNE, FLORIDA ("CITY"), 2240 Minton Road, West Melbourne, Florida, 32904, owns and operates the West Melbourne Police Department, which during all relevant times, employed the Defendants as police officers.

### III. MATERIAL FACTS

10. GREGORY LLOYD EDWARDS ("EDWARDS") was a military veteran who served as a combat medic.

11. As a result of his military service, EDWARDS suffered from Post-Traumatic Stress Disorder ("PTSD").

12. On Sunday, December 9, 2018, at approximately 11:15 AM, EDWARDS suffered a PTSD related mental health emergency while in the parking lot of the Walmart Supercenter, 845 Palm Bay Road NE, West Melbourne, FL 32904, causing a disturbance.

13. Defendants, MICHAEL PEREZ (PEREZ"), JACOB MATHIS ("MATHIS"), and KEVIN KRUNKOSKI ("KRUNKOSKI"), who were employed by the West Melbourne Police Department, responded to the location and placed EDWARDS under arrest for various criminal and probation related offenses.

14. PEREZ, a sergeant and field supervisor, was advised by EDWARDS' wife that EDWARDS suffered from PTSD, was not taking his prescribed medications, had been acting strange for several days, and had not slept in four days.

15. PEREZ was further advised by EDWARDS' wife that he was experiencing a "psychotic episode," and that she was concerned that EDWARDS might harm himself.

16. PEREZ was further advised by EDWARDS' wife that EDWARDS was scheduled for an appointment the next day with the VA Hospital.

17. The Defendants determined that EDWARDS suffered from a mental illness, was presently a danger to himself and/or others, required a mental health examination, and emergency medical treatment.

18. As such, the Defendants prepared a Baker Act Form-52[1] for the purpose of obtaining an emergency involuntary medical examination for EDWARDS.

19. Despite understanding that EDWARDS did not have the capacity to make medical decisions for himself, and was suffering from a medical emergency while in their custody that required immediate emergency medical care, the Defendants failed to ensure that EDWARDS was provided with necessary and timely emergency medical care.

20. Instead, the Defendants left EDWARDS, handcuffed to the rear and shackled, in the rear of a patrol vehicle for over one hour.

21. While restrained in the rear of the police vehicle, EDWARDS complained that he was hungry, felt like he had suffered frostbite, could not feel his arms or hands, and needed to use the bathroom.

22. Instead of addressing EDWARDS' medical and personal needs, KRUKOSKI shut the window in the partition that divides the front and rear interior seating compartments.

23. EDWARDS asked KRUKOSKI to take him to an outpatient clinic.

24. KRUKOSKI, however, with authorization from PEREZ and with MATHIS' knowledge, transported EDWARDS to the Brevard County Jail Complex ("Jail"), 860 Camp Road, Cocoa, FL 32927.

25. The Individual Defendants did not have EDWARDS medically cleared before transporting him to the Jail.

26. Each of the Defendants had an appreciable opportunity to intervene to stop the other Defendants from denying EDWARDS timely emergency medical care but failed to do so.

---

[1] The Florida Mental Health Act of 1971, commonly known as the "Baker Act," authorizes among others, a law enforcement officer, to require an emergency involuntary institutionalization and examination of an individual.

27. While in route to the Jail, KRUKOSKI observed EDWARDS' behavior continue to deteriorate but he did not reroute himself to the hospital.

28. Pursuant to FED.R.CIV.P. 11(b)(3), it is believed that the following "factual contentions have evidentiary support or . . . will likely have evidentiary support after a reasonable opportunity for further investigation or discovery":

    a. The Individual Defendants failed to act in accordance with their policies and training;

    b. In the alternative, the Individual Defendants followed the CITY'S policies and training that required them to deliver criminal and/or probation/parole detainees who were also subject to the Baker Act, to the Jail, even on Sundays when all Defendants knew that the Jail could not timely provide the necessary medical services on Sunday;

    c. The Defendants failed to communicate to the Jail all information known to them regarding EDWARDS' medical condition;

    d. The Defendants failed to communicate to the Jail all information known to them regarding the facts and circumstances that resulted in EDWARDS being taken into custody;

    e. The Defendants failed to communicate to the Jail that they knew that EDWARDS was suffering from a serious medical emergency requiring immediate medical treatment;

    f. The Defendants failed to communicate to the Jail that they knew that EDWARDS had a mental illness;

    g. The Defendants failed to communicate to the Jail that they believed that EDWARDS was a danger to himself or others; and/or

    h. The Defendants failed to communicate to the Jail that they knew that EDWARDS needed immediate emergency medical care authorized by the Baker Act.

29. The Defendants caused EDWARDS to be transferred from their custody to Jail personnel, instead of to qualified medical personnel.

30. Specifically, the Defendants caused EDWARDS to be transferred from their custody to a facility that was not equipped or staffed on a Sunday to provide timely emergency medical care authorized by the Baker Act, and necessary to treat EDWARDS' serious medical condition.

31. EDWARDS did not timely receive emergency medical care authorized by the Baker Act, and necessary to treat his serious medical condition.

32. As a result, EDWARDS' already serious medical condition continued to deteriorate.

33. The Defendants' deliberate failure to provide EDWARDS with necessary emergency medical care while EDWARDS was in their custody caused in whole or substantial part, EDWARDS to experience unnecessary pain and suffering, and set in motion a series of events, culminating in EDWARDS' untimely death only hours later.

## IV. CLAIMS

### Count I

**Plaintiff v. Individual Defendants**
**Deliberate Indifference to Serious Medical Needs**
*Fourteenth Amendment – Due Process (Pursuant to 42 U.S.C. § 1983)*

34. Paragraphs 1 to 33 are incorporated herein by reference.

35. EDWARDS was a pretrial detainee.

36. All Defendants named herein were state actors.

37. In order to prove deliberate indifference to a serious medical need, a Plaintiff must demonstrate (1) a government official's subjective knowledge of a risk of serious harm; (2) the

6

government official's disregard of the risk; (3) by conduct that is more than mere negligence. See Nam Dang, by and through Vina Dang v. Sheriff, Seminole Cty. Fla., 871 F.3d 1272, 1280 (11th Cir. 2017).

38. Deliberate indifference may be established by a failure to provide medical care and/or by excessive delay in providing medical care. Lelieve v. Chief of Police Manuel Oroso, 846 F.Supp.2d 1294, 1304 (S.D. Fla. Feb. 14, 2012).

39. Each Defendant understood that EDWARDS suffered from a mental illness and was a danger to himself or others.

40. Each Defendant knew that EDWARDS needed immediate emergency medical care, but deliberately failed to provide him with timely access to the requisite care, despite the ability to do so.

41. Instead, the Defendants caused EDWARDS to be transferred from their care to non-medical personnel at a facility that was neither staffed nor equipped on a Sunday to provide EDWARDS with the medical care that he needed.

42. As a direct and proximate cause of the Defendants' actions, EDWARDS suffered emotional and physical injury, physical pain and suffering, and ultimately, death.

## Count II

**Plaintiff v. Defendant Perez**
*Fourteenth Amendment – Supervisory Liability (Pursuant to 42 U.S.C. § 1983)*

43. Paragraphs 1 to 33 are incorporated herein by reference.

44. EDWARDS was a pretrial detainee.

45. All Defendants named herein were state actors.

46. "Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the

7

supervising official and the alleged constitutional deprivation." Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990).

47. PEREZ is a sergeant and a field supervisor.

48. PEREZ personally participated in causing EDWARDS' constitutional injury.

49. As a direct and proximate cause of the Defendants' actions, EDWARDS suffered emotional and physical injury, physical pain and suffering, and ultimately, death.

### Count III

**Plaintiff v. Individual Defendants**
*Fourteenth Amendment – Duty to Intervene (Pursuant to 42 U.S.C. § 1983)*

50. Paragraphs 1 to 33 are incorporated herein by reference.

51. EDWARDS was a pretrial detainee.

52. All Defendants named herein were state actors.

53. To establish a failure to intervene claim, a Plaintiff must establish that a Defendant officer was in a position to intervene to stop another officer's unlawful conduct and had an appreciable opportunity to do so. See Riley v. Newton, 94 F.3d 632, 635 (11th Cir. 1996)

54. The Defendants each had an appreciable opportunity and duty to intervene to stop each other's unlawful conduct but failed to do so.

55. The Defendants each had an appreciable opportunity and duty to intervene to intervene on EDWARDS' behalf to ensure his physical and medical safety but failed to do so.

56. As a direct and proximate cause of the Defendants' actions, EDWARDS suffered emotional and physical injury, physical pain and suffering, and ultimately, death.

### Count IV

**Plaintiff v. Defendant City
Policies, Practices, and Customs**
*Fourteenth Amendment – Monell (Pursuant to 42 U.S.C. § 1983)*

57. Paragraphs 1 to 33 are incorporated herein by reference.

58. EDWARDS was a pretrial detainee.

59. All Defendants named herein were state actors.

60. The CITY deliberately implemented the aforementioned policy that was the moving force that caused EDWARDS' constitutional injuries.

61. As a direct and proximate cause of the Defendants' actions, EDWARDS suffered emotional and physical injury, physical pain and suffering, and ultimately, death.

## Count V

**Plaintiff v. Individual Defendants**
**Willful and Wanton Negligence**
**(Pursuant to Fla. Stat. § 768.28)**

62. Paragraphs 1 to 33 are incorporated herein by reference.

63. EDWARDS was a pretrial detainee in the care, custody, or control of the Individual Defendants.

64. Each Individual Defendant either directly or indirectly owed EDWARDS a duty to exercise reasonable care in safeguarding EDWARDS while he was in their custody, and to refrain from acting in a manner exhibiting wanton and/or willful disregard for EDWARDS' human rights and/or safety. See Fla. Stat. § 768.28(9)(a).

65. As specifically discussed above, the Individual Defendants each breached this duty by wantonly and/or willfully disregarding EDWARDS' human rights and/or safety.

66. As a direct and proximate cause of the Defendants' actions, EDWARDS suffered emotional and physical injury, physical pain and suffering, and ultimately, death.

67. Plaintiff, decedent, and decedent's survivors have therefore suffered damages recoverable through Florida's Wrongful Death and/or Survival Statutes, including, but not limited

to: loss of consortium; decedent's catastrophic bodily harm; pain and suffering; death; and all other damages available by law.

## Count VI

**Plaintiff v. Defendants**
*Wrongful Death*
*(Pursuant to Florida's Wrongful Death Act, Fla. Stat. §§ 768.16, et seq.)*

68. Paragraphs 1 to 33 are incorporated herein by reference.

69. As a direct and proximate cause of the Defendants' aforementioned actions, EDWARDS suffered emotional and physical injury, physical pain and suffering, and ultimately, death.

70. As a direct and proximate cause of the Defendants' aforementioned actions, EDWARDS' survivors (wife and child) suffered emotional and financial injuries.

71. Plaintiff asserts this wrongful death action on behalf of EDWARDS' survivors to recover wrongful death damages as provided by Florida law.

72. No other legal action has been initiated on behalf of EDWARDS' survivors related to the conducted discussed herein.

## Count VII

**Plaintiff v. Defendant City**
*Vicarious Liability*
*(Pursuant to Florida State Law)*

73. Paragraphs 1 to 33 are incorporated herein by reference.

74. The CITY is vicariously liable for the actions of its agents and employees who cause injury to others while acting in the course and scope of their employment.

75. As a direct and proximate cause of the Defendants' aforementioned actions, EDWARDS suffered emotional and physical injury, physical pain and suffering, and ultimately, death.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in her favor as follows:

A. Declaratory Judgment: That this Court declare that the Defendants' actions violated EDWARDS' Fourteenth Amendment rights and EDWARDS and his survivors' rights guaranteed by Florida state law;

B. Compensatory Damages: violation of rights, conscious physical pain and suffering, embarrassment, humiliation, fear, death, loss of enjoyment of life, hedonic damages, and the loss of companionship from family;

C. Punitive Damages (against Individual Defendants only for federal claims only);

D. Reasonable attorney's fees and costs;

E. Pre and post judgment interest;

F. Such other financial or equitable relief as is reasonable and just.

## Jury Trial Demand

Plaintiff respectfully requests a trial by jury on all claims/issues in this matter that may be tried to a jury.

**Respectfully Submitted,**

_____             **Date:**
**DEVON M. JACOB, ESQUIRE**
PA Bar Number: 89182
**JACOB LITIGATION, INC.**
P.O. Box 837, Mechanicsburg, Pa. 17055-0837
717.796.7733 | djacob@jacoblitigation.com
(Plaintiff's Counsel) (Pro Hace Vice to be filed)


_____
**BENJAMIN L. CRUMP, ESQUIRE**
FL Bar Number: 72583
**BEN CRUMP LAW, PLLC**
122 S. Calhoun Street, Tallahassee, Florida 32301
(850) 224-2023 | court@bencrump.com
(Plaintiff's Local Counsel)